**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JOANN E. TREACY-BARNHART,**

**Plaintiff,**

**v. Case No. 8:25-cv-2215-JSM-AAS**

**THE HEART INSTITUTE OF VENICE, P.L.L.C.,**

**Defendant.**

**______________________________________/**

# REPORT AND RECOMMENDATION

Plaintiff Joann E. Treacy-Barnhart requests an award of attorney's fees and costs under the 29 U.S.C. § 216(b), Fla. Stat. §§ 448.110(6)(c)(1) and 448.08, and Federal Rule of Civil Procedure 54(d). (Doc. 30). Defendant The Heart Institute of Venice, PLLC (Heart Institute) failed to respond, and the time for doing so has expired.[1]

## I. BACKGROUND

This action arose from the Heart Institute's alleged failure to pay Ms. Treacy-Barnhart her earned wages and its retaliatory termination of her employment. Ms. Treacy-Barnhart commenced this action on August 20, 2025,

[1] *See* Local Rule 3.01(d), M.D. Fla. ("A party may respond to a motion within fourteen days after service of the motion . . . If a party fails to timely respond, the motion is subject to treatment as unopposed.").

asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA), the Florida Minimum Wage Act, Fla. Stat. § 448.110 (FMWA), Florida common law for breach of an oral employment contract, and for retaliation under the FLSA and the FMWA. (Doc. 1).

After several unsuccessful attempts to serve the Heart Institute's registered agent, Ms. Treacy-Barnhart obtained an extension of time to effectuate service. (*See* Docs. 8, 8-1, 9). Ms. Treacy-Barnhart perfected service through substitute service on the Florida Department of State under Fla. Stat. § 48.062 on January 9, 2026. (Docs. 19, 20). The Heart Institute did not appear or respond to this action.

Following an order to show cause, Ms. Treacy-Barnhart obtained a Clerk's default against the Heart Institute on March 20, 2026, and then moved for default judgment. (Docs. 21, 23, 24). On June 16, 2026, the court granted Ms. Treacy-Barnhart's motion for default judgment and directed the Clerk to enter judgment in Ms. Treacy-Barnhart's favor in the amount of $13,652.40. (Doc. 27). Final Judgment was entered on June 17, 2026. (Doc. 28).

Ms. Treacy-Barnhart now moves for an award of her reasonable attorney's fees of $8,190.00 and taxable costs of $561.75 against the Heart

Institute. (Doc. 30)[2]

## II. ANALYSIS

### A. Entitlement to Attorney's Fees and Costs

An award of reasonable attorney's fees and costs to a prevailing plaintiff is mandatory under the FLSA. Under the statute, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) (fee award to prevailing plaintiff under § 216(b) is mandatory).

In addition, the Florida Minimum Wage Act mandates that fees and costs be awarded to a prevailing plaintiff. Fla. Stat. § 448.110(6)(c)(1) provides that a prevailing employee "shall . . . be awarded . . . reasonable attorney's fees and costs." Section 448.08, Florida Statutes, separately authorizes the prevailing party in an action for unpaid wages to recover reasonable attorney's fees and costs.

Further, a plaintiff who obtains a final default judgment is a prevailing

[2] Local Rule 7.01(a), M.D. Fla., provides that a request for attorney's fees must be made in a supplemental motion after receiving an order granting entitlement to such fees. The undersigned makes an exception in this case, considering the default judgment, and that the essential information for its computation are included in the motion.

party for purposes of these fee-shifting provisions. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603–04 (2001) (a party prevails when it obtains a judicially sanctioned, material alteration of the legal relationship of the parties).

Thus, the undersigned recommends the court find Ms. Treacy-Barnhart is entitled to recover her reasonable attorney's fees and taxable costs under 29 U.S.C. § 216(b), Fla. Stat. § 448.110(6)(c)(1), and Fla. Stat. § 448.08.

**B. Amount of Attorney's Fees**

Calculating an appropriate fee award under federal law involves a two-step process. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299–1302 (11th Cir. 1988). The court first calculates the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *See id.* The court may then adjust the lodestar upward or downward. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

"Ultimately, the computation of a fee award is necessarily an exercise of judgment[ ] because there is no precise rule or formula for making these determinations." *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Webb v. Dyer County*

*Bd. of Educ.*, 471 U.S. 234, 242 (1985); *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

**1. Reasonableness of Hours Expended**

The court first must determine the reasonable number of hours the moving party's attorneys expended. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). Ms. Treacy-Barnhart's counsel reasonably and necessarily expended 18.2 hours of attorney time prosecuting this action from intake through preparation of this motion. The itemized time records adequately reflect the date, a particularized description of each service, and the time expended. (*See* Doc. 30-2). Counsel did not bill for purely clerical or administrative tasks, did not bill for duplicative work, and did not bill for internal conferences unrelated to substantive case strategy. (*Id.*). The work performed was reasonably necessary to obtain judgment in Ms. Treacy-Barnhart's favor. Thus, the undersigned recommends that the court find counsel's expenditure of 18.2 hours in this action is reasonable.

**2. Reasonableness of Hourly Rates**

The undersigned now considers whether Ms. Treacy-Barnhart's counsel's hourly rate is reasonable. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of

reasonably comparable skill, experience, and reputation. *Norman*, 836 F.2d at 1299.

Attorney Frank M. Malatesta has focused his practice on labor and employment litigation since 2014 and has litigated numerous FLSA and FMWA cases in federal and state courts in Florida. His customary and reasonable hourly rate for this type of litigation is $450.00 per hour, which is consistent with the prevailing market rate in the Middle District of Florida for attorneys of comparable experience handling FLSA and FMWA matters. (*See* Doc. 32-1, ¶¶ 7–8); *see also Perez v. Margaritas V&P, Inc.*, No. 6:22-cv-1133-RBD-EJK, 2023 WL 2696182, at *6 (M.D. Fla. Mar. 14, 2023), 2023 WL 2691680 (M.D. Fla. Mar. 29, 2023) (awarding rates of $400.00–$450.00 per hour in FLSA case); *Dixon v. Waste Pro of Fla., Inc.*, No. 8:22-CV-327-VMC-SPF, 2022 WL 18587780, at *3 (M.D. Fla. Dec. 16, 2022), report and recommendation adopted, No. 8:22-CV-327-VMC-SPF, 2023 WL 1781516 (M.D. Fla. Feb. 6, 2023) (permitting $425.00 per hour for an attorney in an FLSA action with 17 years of experience); *Pena v. RDI, LLC*, No. 8:17-cv-1404-T-AAS, 2019 WL 3017574, at *1–2 (M.D. Fla. July 10, 2019) (awarding $425.00 per hour to the plaintiff's counsel in an individual FLSA case). Thus, the undersigned recommends that the court find an hourly rate of $450.00 is

reasonable.

* * * * *

Applying the reasonable hourly rate of $450.00 to the 18.2 hours reasonably expended yields a lodestar of $8,190.00.

**B. Amount of Costs**

As the prevailing party, Ms. Treacy-Barnhart is entitled to recover her taxable costs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, as well as under 29 U.S.C. § 216(b), Fla. Stat. § 448.110(6)(c)(1), and Fla. Stat. § 448.08. Typically, prevailing plaintiffs are limited to recovering those costs enumerated in 28 U.S.C. § 1920. *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988).

Ms. Treacy-Barnhart's costs include the Clerk's filing fee of $405.00 (which is enumerated at 28 U.S.C. § 1920(1)), the Florida Secretary of State substitute-service fee of $8.75, and process-server fees incurred by several attempts to serve process on the Heart Institute's registered agent of $148.00.[3]

[3] Fees for service of process by private process servers may be taxed under § 1920, so long as the rates do not exceed those of the United States Marshals Service under 28 U.S.C. § 1921. *See Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 812 (11th Cir. 2014) (citation omitted). "[W]hen the documentation from a private process server does not indicate the time expended to effectuate service or does not indicate the additional costs incurred by the private process server, courts limit recovery to the hourly rate charged by the U.S. Marshal for service." *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2015 WL 12839237, at *8 (M.D. Fla. June 10, 2015)

(Doc. 30-1, p. 6). Under § 1920, Ms. Treacy-Barnhart is entitled to recover these fees. Thus, it is recommended that Ms. Treacy-Barnhart be awarded $561.75 in recoverable costs.

## III. CONCLUSION

Accordingly, it is **RECOMMENDED** that Ms. Treacy-Barnhart's Motion for Attorney's Fees and Costs (Doc. 30) is **GRANTED,** and the court enter an order:

(1) determining that Ms. Treacy-Barnhart is the prevailing party and is entitled to an award of reasonable attorney's fees and costs under 29 U.S.C. § 216(b), Fla. Stat. § 448.110(6)(c)(1), and Fla. Stat. § 448.08;

(2) awarding Ms. Treacy-Barnhart's reasonable attorney's fees in the amount of $8,190.00;

(3) awarding Ms. Treacy-Barnhart's taxable costs in the amount of $561.75; and

(4) awarding post-judgment interest on the award of fees and costs at the statutory rate under 28 U.S.C. § 1961.

---

(citations omitted). The applicable rate for service by the Marshals Service is $65.00 per item served. *See* 28 C.F.R. § 0.114(a). Because service was attempted on the Heart Institute's registered agent at multiple addresses, $148.00 is reasonable. (*See* Docs. 13, 14, 25).

**ORDERED** in Tampa, Florida, on July 27, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to request an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.